UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 17-CR-000516 |
| --- | --- |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| Cheng Yan Wang | |
| Defendant. | |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 0 5 2018 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Parties**

For United States

For Defendant

**Appearances**

Brendan G. King
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6006
brendan.king@usdoj.gov

John F. Kaley (Appointed)
217 Broadway
Suite 707
New York, NY 10007
(212) 962-5037
jkaley@doarlaw.com

**Table of Contents**
I.   Introduction ........................................................................................................................2
II.  Instant Offense ....................................................................................................................2
III. Guilty Plea ..........................................................................................................................2
IV.  Sentencing ..........................................................................................................................3
V.   Offense Level, Category, and Sentencing Guidelines Rage ..............................................3
VI.  Law .....................................................................................................................................3
VII. 18 U.S.C. § 3553(a) Considerations ..................................................................................4
VIII. Sentence ............................................................................................................................5
IX.  Conclusion ..........................................................................................................................5

## I. Introduction

Cheng Yan Wang ("Wang" or "defendant") pled guilty to a violation of 31 U.S.C. §§ 5324(a)(1) and 5324(d)(2) for causing and attempting to cause a domestic financial institution to evade the reporting requirements of 31 U.S.C. § 5313(a).

Wang is 26 years old. He has no prior criminal convictions and has consistently been lawfully employed since dropping out of college because of his financial problems.

## II. Instant Offense

Wang was a teller and later a private client banker at Chase Bank Flushing Branch. Pre-Sentence Report ("PSR") ¶ 7. To ensure compliance with the law, Chase Bank requires tellers to record client information in their computer system for large currency transactions. Tellers are subsequently required to file a Currency Transaction Report ("CTR") for each United States currency exchange in excess of $10,000, as mandated by 31 U.S.C. § 5313. PSR ¶ 5.

During a three-year period, Wang regularly exchanged amounts exceeding $10,000 at the request of his coworker, Jang Y. Kim ("Kim"), without filing a CTR. PSR ¶ 17. On one occasion, Wang caused another teller to fail to report a $50,000 exchange by withholding the information necessary for the teller to properly record the transaction. PSR ¶ 18. The total estimate of money involved in Wang's non-reported transactions is $170,000. PSR ¶ 19.

At least some of the money that Wang exchanged for Kim came from a third party drug trafficker. PSR ¶ 20-21. Wang was unaware of the source of the money and was not compensated for these exchanges. PSR ¶ 23.

## III. Guilty Plea

Wang pled guilty on September 26, 2017 to causing a financial institution to fail to file a CTR, in violation of 31 U.S.C. §§ 5324(a)(1) and 5324(d)(2). PSR ¶ 1.

## IV. Sentencing

A guilty plea was accepted by the magistrate judge and again by the court.

The proceeding was videotaped to develop a record of the courtroom atmosphere. *In Re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) ("The sentencing hearing normally requires that the defendant be observed for credibility, mental astuteness, physical characteristics, ability to withstand the rigors and dangers of incarceration, and a myriad other relevant factors. In many instances, it is necessary to observe the employer's and familial ties to the defendant. A judge applies mental impressions of many tangible and intangible factors when imposing a sentence."). Wang's wife was present, supporting him.

## V. Offense Level, Category, and Sentencing Guidelines Range

The base offense level for this offense is sixteen; six for the general base offense and ten because the specific amount of money exchanged was at least $150,000 but less than $250,000. PSR ¶ 23. Two levels were added because the offense comprised a pattern of unlawful activity involving more than $100,000 in a 12-month period. *Id.* The offense level was reduced by three points for acceptance of responsibility and timely notification of a guilty plea. PSR ¶ 37-38. The total adjusted offense level is 15. PSR ¶ 39.

Wang has no prior criminal convictions. PSR ¶ 42. He has a criminal history category of I. *Id.*

The imprisonment range under the Guidelines is 18-24 months. PSR ¶ 68.

## VI. Law

A district court may treat the United States Sentencing Guidelines as advisory, rather than binding, "while maintaining a strong connection between the sentence imposed and the offender's real conduct ...." *United States v. Booker*, 543 U.S. 220, 246 (2005). "A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines

range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). Guidelines serve as a lodestar for determining the sentence from which the district court may depart as it "consider[s] all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Id.*; *see also United States v. Carter*, No. 17-2033, 2018 WL 2901316, at *2 (2d Cir. June 11, 2018) ("[I]t was proper for the district court to consider the Guidelines as a 'benchmark' alongside its review of the statutory factors when imposing sentence.").

**VII. 18 U.S.C. § 3553(a) Considerations**

A sentence must consider the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The defendant is a twenty-six-year-old naturalized United States citizen. PSR ¶ 2. He grew up under "average" economic circumstances. PSR ¶ 49. He maintains a good relationship with his parents and lives with them, his wife, and newborn child. PSR ¶ 47. The defendant and his older sister are also close. PSR ¶ 48.

Wang and Na Gao were wed in a religious ceremony in May of 2017. PSR ¶ 50. Ms. Gao is twenty-three-years-old and unemployed outside the home. *Id.* The couple have recently had their first baby. *Id.*

The defendant is physically healthy. PSR ¶ 55. He has no history of mental or emotional health problems and reports no dependency on drugs or alcohol. PSR ¶ 56-7.

Wang graduated from high school in 2010 and attended Queens Borough Community College but obtained no degree. PSR ¶ 59. The defendant worked in a Japanese restaurant at minimum wage until 2011 when he began working at Chase Bank. PSR ¶ 62. He also is the owner and operator of an online retailer of electronics, which he has run out of his home since

4

2015. PSR ¶ 61. The defendant has a negative monthly cash flow and is partially supported by his parents. PSR ¶ 64.

## VIII. Sentence

Wang is sentenced to 300 hours of community service and three years of probation. A $100 special assessment is imposed.

When imposing a sentence, a court must consider the nature of the crime, the character of the defendant, and the impact the sentence may have on those dependent on the defendant. Wang was not aware of the source of the money that he exchanged for Kim, and he was not compensated for these exchanges. PSR ¶ 21. The defendant is a new father and his wife and young child rely on him for financial support. PSR ¶ 50; *See United States v. Bannister*, 786 F. Supp.2d 617, 653 (E.D.N.Y. 2011) ("Incarceration affects the lives not only of prisoners but of those around them. Families of prisoners face higher rates of divorce, separation, domestic violence, and developmental and behavioral problems among children than the families of non-prisoners.").

## IX. Conclusion

The Sentencing Guidelines have been considered to ensure a sentence that is "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date: June 20, 2018
Brooklyn, New York